**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Koegel, | No. CV-25-03923-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Fronk Oil Company Incorporated, et al., | |
| Defendants. | |

Plaintiff Peter Koegel filed a complaint, a motion for temporary restraining order, and a motion to allow electronic filing. (Docs. 1, 3, 4.) The complaint is dismissed and the motions denied as moot.

**I.     Background**

Since at least 2022, Koegel has been involved in litigation with Fronk Oil in this court as well as state courts in Arizona and Texas. The following background is drawn from the filings in Koegel's many cases. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (simplified).

In 2019, defendant Fronk Oil obtained an arbitration award against a company named XOffice, LLC. (Doc. 1 at 3.) XOffice had been "founded and operated by Koegel," *Koegel v. Fronk Oil Co.*, No. 07-24-00298-CV, 2025 WL 1711784, at *1 (Tex. App. June 18, 2025), *review denied* (Aug. 22, 2025), but Koegel alleges he was "not a judgment

debtor" on the arbitration award. (Doc. 1 at 4.) Fronk Oil was not able to collect the arbitration award and in 2022, it "pursued separate proceedings in Texas" against Koegel. (Doc. 1 at 4.) Fronk Oil's complaint in Texas alleged Koegel was personally liable for the debt owed by XOffice. CV-22-1164-PHX-JJT, Doc. 1-1 at 11. Koegel removed the Texas case to this court. CV-22-1164-PHX-JJT. In doing so Koegel claimed he had filed a motion to dismiss for lack of jurisdiction in Texas because he had not been "properly or personally served." CV-22-1164-PHX-JJT, Doc. 1 at 2. The Texas court denied Koegel's motion. CV-22-1164-PHX-JJT, Doc. 1-1 at 186.

This court was not the proper location for the removal of a case pending in Texas state court, so the court remanded the case to the Texas state court. CV-22-1164-PHX-JJT, Doc. 6. Eventually the Texas state court matter proceeded to a jury trial, with Koegel participating. *Koegel*, 2025 WL 1711784, at *1. Koegel lost and the Texas court entered judgment against Koegel "purporting to impose personal liability on [Koegel]."[1] (Doc. 1 at 4.) Koegel appealed from that judgment, but the Court of Appeals of Texas affirmed and the Texas Supreme Court denied review. *Koegel*, 2025 WL 1711784.

In early 2025, Fronk Oil "registered the Texas judgment in Arizona." (Doc. 1 at 4.) Koegel "opposed enforcement" of that judgment by appearing and participating extensively in the proceedings before the Maricopa County Superior Court. In opposing enforcement Koegel made a wide variety of filings, including a motion to stay, a motion for reconsideration of the denial of the motion to stay, a motion for evidentiary hearing, and a motion for sanctions. Docket, *Fronk Oil v. Koegel*, CV2025-005633 (Maricopa Cnty. Sup. Ct.). At one point Fronk Oil applied to have Koegel deemed a vexatious litigant. Motion, *Fronk Oil v. Koegel*, CV2025-005633 (Maricopa Cnty. Sup. Ct. May 5, 2025). It is not clear what became of that request, but the state court later deemed some of Koegel's filings "frivolous" and awarded attorneys' fees against him. Order, *Fronk Oil v. Koegel*,

---

[1] In November 2024, Koegel filed suit in Maricopa County Superior Court against Fronk Oil and a variety of other defendants alleging a wide variety of claims including intentional infliction of emotional distress and a violation of RICO. CV-24-3484-PHX-SHD, Doc. 1-1. That case was removed to this court and, in September 2025, dismissed for lack of personal jurisdiction. CV-24-3484-PHX-SHD, Doc. 21. Koegel did not appeal.

CV2025-005633 (Maricopa Cnty. Sup. Ct. May 9, 2025). Eventually all of Koegel's attempts to prevent registration and enforcement of the Texas judgment were denied, meaning the judgment could be executed against Koegel's assets in Arizona. In October 2025 Koegel filed the present suit.

According to Koegel's current complaint, in the Texas proceedings Fronk Oil did not serve Koegel, Koegel did not appear, and Koegel was not provided "notice or opportunity to be heard." (Doc. 1 at 4.) The allegation that Koegel did not appear in the Texas litigation or that he was not provided notice of that litigation contradicts both his own statements in CV-22-1164-PHX-JJT and the decision of the Texas Court of Appeals, which describes Koegel participating in both the trial and the appeal. *Koegel*, 2025 WL 1711784, at *1. Koegel's current allegations that he was not provided notice and the "opportunity to be heard" in the Texas matter have no good-faith factual basis. But those obviously false allegations regarding lack of appearance and notice during the Texas case are the basis for the claims Koegel is now attempting to pursue.

According to Koegel's current complaint, when Fronk Oil registered the Texas judgment in Arizona, the Clerk of the Maricopa County Superior Court acted consistent with that court's governing policies and "permitted registration [of the Texas judgment] and writ issuance without verifying constitutional adequacy of service." (Doc. 1 at 4.) The Maricopa County Sheriff, again allegedly consistent with governing policies, then "executed or threatened execution without pausing when the underlying judgment was facially void." (Doc. 1 at 4.) Koegel identifies Fronk Oil as the "private creditor" responsible for the Arizona-based activities by the Clerk of Superior Court and the Maricopa County Sheriff. Koegel alleges Fronk Oil's involvement with those officials means Fronk Oil qualifies as a state actor that can be sued for violating Koegel's constitutional rights. (Doc. 1 at 5.)

Koegel's complaint alleges five separate "counts" for relief. First, Koegel alleges the policies and practices of the Clerk of Superior Court and the Maricopa County Sheriff violated his procedural due process rights under the Fourteenth Amendment because those

officials did not verify the Texas court had jurisdiction before enforcing its judgment. Second, Koegel alleges Fronk Oil violated his procedural due process rights "by invoking state enforcement mechanisms without jurisdiction or notice." (Doc. 1 at 8.) Third, Koegel seeks declaratory judgment that the "Texas judgment is void ab initio" and "[e]nforcement of any foreign judgment must comply with constitutional due-process standards." (Doc. 1 at 9-10.) Fourth, Koegel seeks "injunctive relief" prohibiting defendants from "enforcing or assisting enforcement of the void Texas judgment." (Doc. 1 at 10.) And fifth, Koegel alleges the Clerk and Sheriff violated his "right to petition the government for redress of grievances by refusing to meaningfully receive, process, or consider [Koegel's] filings and objections regarding the enforcement of a void foreign judgment." (Doc. 1 at 12.) Koegel does not elaborate how he was denied his right to petition and the records from the Maricopa County Superior Court show Koegel filed motions and objections the state court considered and resolved.

At the same time Koegel filed his complaint, he also filed a motion for temporary restraining order. (Doc. 3.) That motion seeks an order prohibiting all three defendants "from enforcing, assisting, or acting upon the Texas judgment against him in Arizona absent verified proof of valid service and personal jurisdiction, and from issuing or executing any writs, levies, or garnishments" based on the Texas judgment until final judgment in this federal suit. (Doc. 3 at 2.)

## II. Dismissal is Appropriate

A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). There is no arguable basis when the facts alleged "are fanciful, fantastic and delusional." *Frost v. Office of Attorney Gen.*, No. 17-cv-04983-JSW, 2018 WL 6704137, at *1 (N.D. Cal. Dec. 20, 2018) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Claims based on such facts "cannot serve as the basis for federal jurisdiction." *Tr. v. Am. Honda Fin. Corp.*, No. 2:16-cv-1237-ODW-SS, 2016 WL 756461, at *2 (C.D. Cal. Feb. 25, 2016); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (noting "a district court may, at any time, sua sponte dismiss a complaint for lack of subject

matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion"). Koegel's claims lack an arguable basis in law or fact.

Koegel's claims against the Clerk of the Maricopa County Superior Court are barred by the Eleventh Amendment. A federal court cannot grant injunctive relief against "state-court judges or clerks" because doing so "would be a violation of the whole scheme of our Government." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). Because Koegel appears to be seeking exactly what the Supreme Court has held he cannot obtain, his claims against the Clerk are dismissed. The remaining analysis addresses Koegel's claims against the Sheriff and Fronk Oil.

Koegel's claims regarding procedural due process depend on his allegations that he "had no notice or opportunity to be heard before entry of the Texas judgment." (Doc. 1 at 4.) Based on that alleged flaw, Koegel argues the Sheriff (acting on behalf of Fronk Oil) does not enforce state-court judgments appropriately. In particular, Koegel alleges the Sheriff violated and continues to violate his procedural due process rights by adopting and implementing a policy that accepts "foreign judgments without verifying jurisdiction or proof of service of process." (Doc. 1 at 6.) Koegel's central factual allegation that the Texas judgment was issued without notice and opportunity to be heard is demonstrably false such that his procedural due process claims are utterly devoid of merit.

After he was sued in Texas state court Koegel removed that case to this court. In doing so, Koegel alleged he had participated in the Texas case and that court had denied his motion to dismiss for lack of proper service. CV-22-1164-PHX-JJT, Doc. 1 at 2-3. The decision by the Texas appellate court also establishes Koegel actively participated in that case and its associated appeal. *Koegel*, 2025 WL 1711784. The allegations that Koegel suffered a denial of his procedural due process rights because he did not have notice or the opportunity to be heard in the Texas litigation are baseless.

Koegel's only other claim is based on the Sheriff and Fronk Oil allegedly violating

his First Amendment right to petition for a redress of his grievances. (Doc. 1 at 12.) Koegel does not provide any specifics how this was accomplished but the docket from Maricopa County Superior Court establishes this claim is also fanciful. That docket shows Koegel made voluminous filings in Arizona state court when resisting recognition of the Texas judgment. The fact that Koegel's petitions were not successful does not mean he was denied the right to petition.

Even if Koegel's factual allegations were not obviously baseless, some or all of his claims would be barred on an alternative basis. "Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1144 (9th Cir. 2025) (simplified). This doctrine "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." *Id.* (simplified). It can be difficult to differentiate between those claims barred by the *Rooker-Feldman* doctrine and claims barred by the distinct doctrines of issue or claim preclusion. *Id.* at 1156. But at least some of Koegel's claims are based on errors he alleges the Texas trial court committed in exercising jurisdiction and the Maricopa County Superior Court committed in recognizing the Texas judgment. (Doc. 1 at 4, 6-7, 9-10.) And Koegel explicitly identifies the relief he seeks as a declaration that the "Texas judgment [is] unenforceable." (Doc. 1 at 14.) The *Rooker-Feldman* doctrine bars some, if not all, of Koegel's claims and hoped-for relief. *See id.* (suggesting *Rooker-Feldman* would bar challenges to the execution of a state-court judgment).

Koegel's claims are factually baseless and barred at least in part under the *Rooker-Feldman* doctrine. Given these flaws leave to amend would be futile. *See United States v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011) (leave to amend can be denied based on futility).

/

Accordingly,

**IT IS ORDERED** the complaint (Doc. 1) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** the Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 3) and Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 4) are **DENIED**.

Dated this 30th day of October, 2025.

Honorable Krissa M. Lanham
United States District Judge